1   Brian Hennessy (SBN 226721)
    E-mail: BHennessy@perkinscoie.com
2   **Perkins Coie LLP**
    3150 Porter Drive
3   Palo Alto, CA 94304
    Telephone:  (650) 838-4300
4   Facsimile:  (650) 838-4350

5   Elizabeth L. McDougall, WA Bar No. 27026 (*pro hac vice*)
    E-mail: EMcDougall@perkinscoie.com
6   **Perkins Coie LLP**
    1201 Third Avenue, Suite 4800
7   Seattle, Washington 98101-3099
    Telephone: (206) 359-8000
8   Facsimile: (206) 359-9000

9   Attorneys for Plaintiff
    craigslist, Inc.

10

# UNITED STATES DISTRICT COURT

11

## NORTHERN DISTRICT OF CALIFORNIA

12

### SAN FRANCISCO DIVISION

13

14

| | |
|---|---|
| craigslist, Inc., a Delaware corporation,<br><br>                  Plaintiff,<br><br>      v.<br><br>Christopher Meyer; Sean Meyer; XLR Publications, Inc., a Delaware corporation; John Doe d/b/a cladgenius.com; John Doe d/b/a caposter.net; John Doe d/b/a pvagenius.com; and Does 7 through 25, inclusive,<br><br>                  Defendants. | Case No. CV 09-04737 MMC<br><br>~~AMENDED [PROPOSED]~~ ORDER GRANTING PLAINTIFF CRAIGSLIST, INC.'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS CHRISTOPHER MEYER, SEAN MEYER AND XLR PUBLICATIONS, INC.; VACATING HEARING |

15

16

17

18

19

20

21

22      Plaintiff craigslist, Inc.'s ("craigslist") Motion for Default Judgment against Defendants

23  Christopher Meyer, Sean Meyer and XLR Publications, Inc. (collectively "Defendants") came

24  before the Court ~~on February 18, 2011, in Courtroom 7, 19th Floor~~, the Honorable Maxine M.

25  Chesney presiding.  Having jurisdiction over this suit, having reviewed the moving papers, any

26  opposing and reply papers, and all supporting declarations and exhibits filed with the Court, ~~and~~

27  ~~having heard the arguments of counsel~~, the Court GRANTS Plaintiff craigslist, Inc.'s Motion for

28

Default Judgment against Defendants Christopher Meyer, Sean Meyer and XLR Publications, Inc.  Accordingly, the hearing scheduled for February 18, 2011 is hereby VACATED.

**RATIONALE OF DECISION**

## I.       BACKGROUND

**A.       Factual Allegations**

In its Second Amended Complaint ("SAC"), filed on December 12, 2010, Electronic Case Filing Docket Entry ("DE") 45, Plaintiff craigslist alleges as follows:

Plaintiff craigslist owns and operates the website www.craigslist.org, which provides, *inter alia*, an Internet-based local classified ad forum and service.  The craigslist website allows users to post classified ads on webpages for a particular geographic area and within a specific category of products or services within that geographic area.  SAC ¶¶ 30, 43.  To restrict access to its webpages and protect its services, craigslist requires users to agree to its online Terms of Use ("TOU"), and employs technological security measures to enforce the TOU and to prohibit unauthorized access and use of craigslist webpages and services.  *Id.* ¶¶ 49, 55-67.  The TOU grant users a limited, revocable, nonexclusive license to access the craigslist website and use craigslist's services.  *Id.* ¶ 39.  Specifically, the TOU prohibit posting advertisements on behalf of others, accessing the craigslist site to facilitate posting advertisements on behalf of others, using a Posting Agent (a third-party agent or service that offers to post content on the website on behalf of others), and using any automated device or computer program that enables posting without each posting being entered manually.  *Id.* ¶ 41.  craigslist's website has a unique and distinctive design that is meant to be easy to understand and easy to use.  *Id.* ¶¶ 68-69.  craigslist's website is a work of authorship protected by copyright law, and craigslist has registered copyrights in its website.  *Id.* ¶¶ 72-75.

Defendants, operating the websites and businesses at www.cladgenius.com,

www.pvagenius.com, and www.pvasuperman.com, develop, advertise, and sell software to

automate posting ads on craigslist and circumvent craigslist's security measures — in violation of

the TOU, craigslist's intellectual property rights, and other rights under the law.  *Id.* ¶ 84.

Specifically, Defendants develop, offer, market and sell software, called CLAD Genius, and other

automated devices and related services through their interactive websites www.cladgenius.com,

and         which redirects to                    Buxbaum Decl. ¶ 6.

www.pvagenius.com, and www.pvasuperman.com.  *Id.* ¶ 84;  The CLAD Genius software

enables the automated posting of ads on craigslist (i.e., posting without each ad being entered

manually), including circumventing craigslist security measures to do so.  *Id.* ¶ 84.  The Pro and

Lite versions of the CLAD Genius software include the "Craigslist CAPTCHA Entry" feature that

allows users to use separately purchased CAPTCHA credits to bypass the craigslist CAPTCHA

security measure.  *Id.* ¶ 88.  Defendants' CLAD Genius Pro also includes the PVA Creator

feature that creates craigslist phone verified accounts.  *Id.* ¶ 89.  Through the websites

www.pvagenius.com and www.pvasuperman.com, Defendants sell phone verified accounts

Sargent Decl. Ex. 3.

("PVAs") for use in circumventing craigslist's phone verification security measures.  *Id.* ¶ 92;

**B.    Procedural History**

craigslist filed its original Complaint on October 5, 2009.  DE 1.  On February 26, 2010,

craigslist filed its First Amended Complaint, naming Christopher Meyer, Sean Meyer and XLR

Publications, Inc. as Defendants.  DE 19.  After being served, Defendants failed to respond and

the Clerk of the Court entered Default against Defendants on August 19, 2010.  DE 35.  On

December 2, 2010, craigslist filed its Second Amended Complaint and promptly served it on

Defendants.  DE 45, 46, 47.  Defendants again failed to respond and Default was entered on

December 28, 2010.  DE 50.

Presently before the Court is Plaintiff craigslist's Motion for Default Judgment against

Defendants Christophe Meyer, Sean Meyer and XLR Publications, Inc.

1

## II.   STANDARDS

2

3        Once Default has been entered, the Court may enter a Default Judgment against

4  defendants under Fed. R. Civ. P. 55(b).  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

5  The Ninth Circuit has enumerated the following factors for a district court to consider when

6  determining whether to grant default judgment:

7              (1) the possibility of prejudice to the plaintiff, (2) the merits of
             plaintiff's substantive claim, (3) the sufficiency of the complaint,
8             (4) the sum of money at stake in the action, (5) the possibility of a
             dispute concerning material facts, (6) whether the default was due
9             to excusable neglect, and (7) the strong policy underlying the
             Federal Rules of Civil Procedure favoring decisions on the merits.
10

11  *Id.*

12

## III.   DISCUSSION

13        Plaintiff craigslist moves the Court for entry of default judgment against Defendants on

14  the ground that Defendants have failed to appear in this action.

15  **A.   Default Judgment**

16        It is in the Court's discretion to grant a default judgment under Fed. R. Civ. P. 55(b).

17
18  *Eitel*, 782 F.2d at 1471-72.  In determining whether it is appropriate to grant a default judgment

19  the Court applies the *Eitel* factors.

20        First, Defendants have failed to appear or take any action in this matter.  Defendants have

21  made no showing of excusable neglect.  If default judgment is not granted, craigslist would suffer

22  prejudice in that it would be without recourse to prevent Defendants from infringing craigslist's

23  rights in the future and without recourse to recover for the harm and damages Defendants have

24  caused craigslist already.  *Elektra Enter. Group v. Avery*, No. CIV S-06-2541 WBS EFB, 2007

25  WL 2023545, at *1 (E.D. Cal. July 11, 2007).  The court finds that Defendant's failure to

26  demonstrate excusable neglect combined with the possibility of prejudice to craigslist favors

27  default judgment.

28

Second, once the Clerk enters default the well-pled factual allegations regarding liability

are taken as true. *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Here

default was entered against Defendants on December 28, 2010. DE 50. After reviewing the

SAC, the Court finds craigslist has adequately alleged violations of the Digital Millennium

Copyright Act, 17 U.S.C. § 1201, *et seq*., the Computer Fraud and Abuse Act, 18 U.S.C. § 1030,

California Penal Code § 502, breach of contract, inducing breach of contract, intentional

interference with contractual relations, and fraud. Since the allegations of the Complaint are

taken as true, there is no possibility of a dispute concerning material facts. Consequently, all of

these factors favor entry of default judgment.

The sum of money at stake is not inconsequential, but neither is the harm caused by

Defendants' conduct. Plaintiff craigslist seeks monetary damages in an amount between

$455,800 and $5,697,500. Plaintiff craigslist also seeks $135,159.80 in attorneys' fees and costs.

While the damages sought are significant, they are not excessive in light of the alleged conduct of

Defendants. Therefore, the Court finds that this factor favors entry of default judgment.

In summary, the Court finds that the Eitel factors weigh in favor of granting default

judgment. Accordingly, the Court GRANTS Plaintiff craigslist's Motion for Default Judgment.

**B.     Remedy**

Plaintiff craigslist moves for the following remedies: (1) statutory damages, (2) injunctive

relief, (3) an order directing the transfer of domain names that Defendants use to conduct their

illegal craigslist-related activities, and (4) an award of attorneys' fees and costs.

**1.     Statutory Damages Under the Digital Millennium Copyright Act**

The Court must determine what amount, if any, in statutory damages under the DMCA

craigslist is entitled to. The DMCA allows a successful plaintiff to recover an award of statutory

damages in lieu of actual damages of between $200 and $2,500 per act of circumvention, device,

component, offer, or performance of service.  *See* 17 U.S.C. § 1203(c)(3)(A).  Courts have wide discretion to determine the appropriate level of statutory damages within this range.  *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990).

In the course of its damages discovery, craigslist received transaction logs from Plimus, a payment processor used by Defendants, for sales related to cladgenius.com and pvagenius.com.  Excerpts of the Plimus transaction logs are attached as Sargent Decl. Exs. 6-7.  This information shows that Defendants sold at least 496 copies of CLADGenius: Pro software containing both CAPTCHA and phone verification circumvention components, at least 67 copies of CLAD Genius: Lite containing CAPTCHA circumvention components, and at least 1,220 phone verification circumvention devices through their website pvagenius.com.  Based on this evidence, the Court finds that Defendants sold at least 563 CAPTCHA circumvention components or devices and 1,716 components or devices for circumventing craigslist's phone verification system.

Therefore, the Court concludes that Defendants sold at least 2,279 components or devices that circumvent the security measures protecting the copyright-protected portions of craigslist's website.  The Court also finds that an award of statutory damages ~~at the maximum end of the range~~ in the amount of $750 per component or device is warranted by Defendants' deliberate disregard of craigslist's rights, and because Defendants have refused to cease their injurious activities.  Accordingly, the Court awards craigslist statutory damages under the DMCA in the amount of ~~$5,697,500~~ $1,709,250.

### 2.    Injunctive Relief

Plaintiff craigslist moves for a permanent injunction pursuant to the CFAA 18 U.S.C. § 1030(g) ~~, 15 U.S.C. § 1116(a)~~ and the DMCA, 17 U.S.C. § 1203(b)(1).

It is appropriate to issue an injunction as part of a default judgment.  *Elektra Ent. Group Inc. v. Crawford*, 226 F.R.D. 388, 393-94; *Jackson v. Sturkie*, 255 F. Supp. 2d 1096, ~~1011~~ 1103 (N.D.

Cal. 2003).  To obtain a permanent injunction, a plaintiff must show "(1) that is has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Geertson Seed Farms v. Johanns*, 570 F.3d 1130, 1136 (9th Cir. 2009).

Here, Plaintiff craigslist has alleged that Defendants' conduct has damaged craigslist, and caused and continues to cause irreparable and incalculable harm and injury to craigslist.  SAC ¶¶ 110-118,128-29.  Moreover, craigslist has suffered lost reputation and goodwill and has lost users as frustration with the impacts from Defendants' misconduct has grown and craigslist has struggled to stop them. *Id.* ¶¶ 114-15.  craigslist contends that if not permanently enjoined, Defendants will continue to violate craigslist's rights.  Consequently, the Court finds that injunctive relief is appropriate under the circumstances.

Accordingly, the Court GRANTS craigslist's request for a permanent injunction.

### 3.        Transfer of Domain Names

Plaintiff craigslist moves for an order directing the transfer of domain names that Defendants use to conduct their illegal craigslist-related activities.

Where it is likely that Defendants will continue to use websites and/or domains to exacerbate the harm to a plaintiff, courts have used their inherent authority to enforce their own orders and ordered the transfer of the domain names in the event the Court finds it likely that a defendant will not comply with the court's ordered injunctive relief. *See Xcentric Ventures, L.L.C. v. Elizabeth Arden*, No. 2:08-cv-2299-HRH (D. Ariz. October 22, 2009) (Judgment). Furthermore, the registrars of the domain names at issue have agreed through their contractual obligations with The Internet Corporation for Assigned Names and Numbers ("ICANN") that

they will comply with a court order directing the cancellation, transfer or change in domain names.  Internet Corp. for Assigned Names and Numbers, UDRP ¶ 3(b) (Oct. 24, 1999), *available at* http://www.icann.org/en/dndr/udrp/policy.htm (last visited Oct. 29, 2010)

In light of the fact that Defendants have persisted in operating their craigslist-related websites, and are likely to ignore an injunction against the use of such domains, the Court finds that it is appropriate to order the transfer of the relevant domain names to craigslist.

Accordingly the Court orders the transfer to craigslist within 10 days of receiving notice of this Order the domain names "cladgenius.com," "pvagenius.com," "pvasuperman.com" and all other domain names owned, operated, or registered by Defendants that contain "cl", "craig" or "craigslist" or that are used to offer or sell craigslist telephone verified accounts, CAPTCHA solving products or services, or products or services that permit the posting of content on craigslist without each ad being manually posted by the user.

### 4.    Attorneys' Fees and Costs

Plaintiff craigslist moves for an award of attorneys' fees and costs.

A court may, in its discretion, "award reasonable attorney's fees to the prevailing party." 17 U.S.C. § 1203(b)(5).  Here, Plaintiff craigslist requests attorneys' fees totaling $132,115.73 and costs totaling $3,044.07.  The fees include work related to pleadings, investigation of Defendants' activities, service, due to Defendants' efforts to evade detection, and motion practice. The Court finds the requested fees and costs reasonable in light of the work performed.

Accordingly, the Court awards attorneys' fees and cost in the amount of $135,159.80.

### IV.    CONCLUSION

IT IS HEREBY ORDERED THAT:

A.    Plaintiff craigslist, Inc.'s Motion for Default Judgment against Defendants Christopher Meyer, Sean Meyer and XLR Publications, Inc. is granted.

B.     Defendants Christopher Meyer, Sean Meyer and XLR Publications, Inc. and their agents, servants, employees, attorneys, affiliates, distributors, successors and assigns, and any other persons acting in concert or in participation with them are now and forever enjoined from:

(a)     Manufacturing, developing, creating, adapting, modifying, exchanging, offering, distributing, selling, providing, importing, trafficking in, or using any automated device or computer program (including, but not limited to, any technology, product, service, device, component, or part thereof) that enables postings on craigslist without each posting being entered manually;

(b)     Manufacturing, developing, creating, adapting, modifying, exchanging, offering, distributing, selling, providing, importing, making available, trafficking in, or using content that uses automated means (including, but not limited to, spiders, robots, crawlers, data mining tools, and data scraping tools) to download or otherwise obtain data from craigslist;

~~(c)     Engaging in any activity that disrupts, diminishes the quality of, interferes with the performance of, or impairs the functionality of craigslist's services or the craigslist website;~~

(d)     Copying, distributing, displaying, creating derivative works or otherwise using protected elements of craigslist's copyrighted website (located at www.craigslist.org), including, but not limited to, the website's post to classifieds, account registration and account log in expressions and compilations, and from inducing, encouraging, causing or materially contributing to any other person or entity doing the same;

(e)     Circumventing technological measures that control access to craigslist's copyrighted website and/or portions thereof (including, but not limited to, CAPTCHAs and RE-CAPTCHAs), and from inducing, encouraging, causing or materially contributing to any other person or entity doing the same;

(f)     Manufacturing, developing, creating, adapting, modifying, exchanging, offering, selling, distributing, providing, creating, importing, trafficking in, or using technology, products, services, devices, components, or parts thereof, that are primarily designed or produced

1   for the purpose of circumventing technological measures and/or protection afforded by

2   technological measures that control access to craigslist's copyrighted website and/or portions

3   thereof, and from inducing, encouraging, causing or materially contributing to any other person or

4   entity doing the same;

5          (g)     Accessing or attempting to access craigslist's computers, computer

6   systems, computer network, computer programs, and data, without authorization or in excess of

7   authorized access, including, but not limited to, creating accounts or posting content on the

8   craigslist website, and from inducing, encouraging, causing, materially contributing to, aiding or

9   abetting any other person or entity to do the same;

10         (h)     Manufacturing, developing, creating, adapting, modifying, exchanging,

11   offering, selling, distributing, providing, importing, trafficking in, purchasing, acquiring,

12   transferring, marketing or using any program, device, or service designed to provide an

13   automated means of accessing craigslist's website, automated means of creating craigslist

14   accounts, or automated means of posting ads or other content on craigslist's website, including,

15   but not limited to, any program, device, or service that is, in whole or in part, designed to

16   circumvent security measures on the craigslist website;

17         (i)     Repeatedly posting the same or similar content on craigslist, posting the

18   same item or service in more than one category on craigslist, posting the same item or service in

19   more than one geographic area on craigslist, and from inducing, encouraging, causing, assisting,

20   aiding, abetting or contributing to any other person or entity doing the same;

21         (j)     Posting ads on behalf of others, causing ads to be posted on behalf of

22   others, and accessing craigslist to facilitate posting ads on behalf of others;

23         (k)     Using, offering, selling or otherwise providing a third-party agent, service,

24   or intermediary to post content to craigslist;

25         (l)     Misusing or abusing craigslist, the craigslist website and craigslist services

26   ~~in any way, including, but not limited to,~~ by violating the craigslist TOU;

27

28

1            (m)      Accessing or using craigslist's website for any commercial purpose
proscribed by the craigslist TOU; and

2   ~~whatsoever; and~~

3        C.      Defendants shall transfer to craigslist within 10 days of receiving notice of this

4   Order the domain names "cladgenius.com," "pvagenius.com," "pvasuperman.com" and all other

5   domain names owned, operated, or registered by Defendants that contain "cl", "craig" or

6   "craigslist" or that are used to offer or sell craigslist telephone verified accounts, CAPTCHA

7   solving products or services, or products or services that permit the posting of content on

8   craigslist without each ad being manually posted by the user.  craigslist may serve Defendants

9   with notice of this Order by email.  If Defendants do not comply with the Order within 10 days of

10  receiving notice of this order the registrars for the domains shall transfer the domains to craigslist.

11       D.      Judgment is entered against defendants Christopher Meyer, Sean Meyer and XLR
                                               $1,844,409.80
12  Publications, Inc. in the amount of ~~$5,832,659.80~~.  This represents:

13       1.      Statutory damages for violations of the Digital Millennium Copyright Act,
                                          $1,709,250
14  17 U.S.C. § 1201, in the sum of ~~$5,697,500~~;

15       2.      Reasonable attorneys' fees and costs in the amount of $135,159.80.

16

17  Dated: February 11, 2011
                                            _Maxine M. Chesney_
                                            Honorable Maxine M. Chesney

18

19  Presented by:
    PERKINS COIE LLP

20  By: /s/Brian Hennessy
         Brian Hennessy (SBN 226721)
21       BHennessy@perkinscoie.com

22  Attorneys for Plaintiff
    craigslist, Inc.

23

24

25

26

27

28